IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANUEL GOMEZ LOPEZ,

    Petitioner,                  No. CIV S-03-0543 JAM DAD P

    vs.

D. L. RUNNELS, et al.,

    Respondent.               FINDINGS AND RECOMMENDATIONS

                            /

          Petitioner is a state prisoner proceeding with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 9, 2008, the undersigned issued findings and recommendations recommending that habeas relief be denied with respect to petitioner's claims that: (1) the evidence was insufficient to support his conviction on one of the counts against him; (2) the trial court violated his constitutional rights by limiting his efforts to impeach and cross-examine one of the two complaining witnesses; (3) his right to due process was violated when the trial court allowed the prosecutor to introduce evidence of petitioner's prior acts of misconduct; and (4) his pretrial, trial, and appellate counsel rendered ineffective assistance. On June 19, 2008, petitioner filed objections to the findings and recommendations. On August 7, 2008, the findings and recommendations were adopted by the district judge assigned to this

action, habeas relief was denied, this action was dismissed, and judgment was entered.

On September 3, 2008, petitioner filed a notice of appeal. (Dkt. No. 71.) On March 12, 2009, counsel was appointed to represent petitioner on appeal. (Dkt. No. 78.) On June 23, 2009, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus in the California Supreme Court, claiming that: (1) the prosecutor in petitioner's state criminal trial violated Brady v. Maryland, 373 U.S. 83 (1963), when he failed to turn over to the defense evidence regarding the victims' bias and motive to fabricate; and (2) newly discovered evidence concerning the victims' bias and motive to fabricate demonstrates that petitioner's state trial was fundamentally unfair, in violation of his right to due process. (Resp't's Apr. 16, 2010 Response to Petitioner's Motion to Entertain Second Petition for Writ of Habeas Corpus (hereinafter "Resp."), Ex. 2.) On September 21, 2009, the Ninth Circuit Court of Appeals granted petitioner's motion for a stay of proceedings pending exhaustion of newly discovered claims and stayed the appeal pending further order of the court. (Resp., Ex. 1.) On December 23, 2009, the California Supreme Court summarily denied petitioner's habeas petition. (Resp., Ex. 3.)

On March 31, 2010, petitioner filed in this court a "motion to entertain second petition for writ of habeas corpus" (hereinafter Mot.), a "second petition for writ of habeas corpus" (hereinafter "second petition"), and a "Memorandum of Points and Authorities in Support of Second Petition for Writ of Habeas Corpus" (hereinafter P&A). (Dkt. Nos. 79, 80, 81.) In his proposed second petition, petitioner presents only one claim: that "the state's failure to disclose evidence regarding their star witnesses' motives to fabricate and bias violated petitioner's right to due process," in violation of the government's disclosure obligations under Strickler v. Greene, 527 U.S. 263, 280 (1999) and Brady v. Maryland, 373 U.S. 83, 87 (1963). Therein, petitioner argues that "this constitutional violation resulted in an unfair trial and sentence and ultimately resulted in the illegal incarceration of the petitioner." (Sec. Pet. at 3.) Petitioner requests that this court authorize discovery, order an evidentiary hearing, order a

/////

2

response to the second petition, and vacate petitioner's conviction and sentence. (Id.)[1]

In a declaration attached to the motion now pending before this court, petitioner's counsel explains that, after she was appointed by the Ninth Circuit, she conducted a Google search of one of the victims in this case and discovered that the victim had filed a civil rights sexual harassment lawsuit against another restaurant in the Sacramento area. (Mot., Ex. A.) In the body of the motion, counsel for petitioner argues that this lawsuit provides evidence of bias and motive to fabricate on the part of both of the victims in this case. (Mot. at 6-7.)

Title 28 U.S.C. § 2244(b)(2) provides that a claim "presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless certain conditions are satisfied. Title 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive application is filed in the district court, the applicant shall "move in the appropriate court of appeals for an order authorizing the district court to consider the application." A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). Burton v. Stewart, 549 U.S. 147, 153 (2007). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. Id. at 152; Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application") (citation omitted and quotation marks omitted).

Petitioner argues that the petition which presents his Brady claim is not successive, but merely "second-in-time." (Mot. at 7.) Petitioner contends that "the proper procedure for this motion is derived from the procedure in which a petitioner would seek Rule

---

[1] The second petition does not appear to contain the claim raised by petitioner in his habeas petition filed in the California Supreme Court that "newly discovered evidence" concerning the victims' bias and motive to fabricate demonstrates that petitioner's trial in state court was fundamentally unfair in violation of his right to due process.

1  60(b) relief," whereby "the petitioner should request the District Court consider the motion and if
2  the District Court agrees to consider it, then move the Ninth Circuit for a remand." (Id.) It is
3  true that to seek Rule 60(b) relief during the pendency of an appeal, "the proper procedure is to
4  ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the
5  Circuit Court], if appropriate, for remand of the case." Williams v. Woodford, 384 F.3d 567, 586
6  (9th Cir. 2004) (citations omitted). However, in Gonzalez v. Crosby, 545 U.S. 524, 530 (2005),
7  the United States Supreme Court held that a Rule 60(b) motion is, in substance, a successive
8  habeas petition where it seeks leave pursuant to Fed. Rule Civ. P. 60(b) to present a new claim
9  that was omitted from the original petition. As the Supreme Court explained:

> Using Rule 60(b) to present new claims for relief from a state
> court's judgment of conviction – even claims couched in the
> language of a true Rule 60(b) motion – circumvents AEDPA's
> requirement that a new claim be dismissed unless it relies on either
> a new rule of constitutional law or newly discovered facts.

Id. at 531. Because petitioner's motion seeks to add a new claim that was not presented in his previous federal habeas petition, the motion should be treated as a successive § 2254 petition. Id. at 532, 538.

Citing the decision in United States v. Lopez, 577 F.3d 1053 (9th Cir. 2009), cert. denied, ___,U.S.___, 130 S. Ct. 1718 (2010), petitioner argues that a habeas petition presenting a Brady claim need not meet the requirements for a successive petition if, as here, the suppressed evidence was "material." (Mot. at 8.) Respondent argues that petitioner's Brady claim is "nonmaterial" and that, in any event, the court in Lopez declined to hold that material Brady claims need not satisfy the AEDPA gatekeeping requirements. (Resp. at 5.)

In Lopez, the petitioner filed a second application for federal habeas relief pursuant to 28 U.S.C. § 2255, seeking to vacate her drug conviction on the grounds that the prosecution had withheld Brady material at her trial. The district court "rejected the government's argument that the court lacked jurisdiction to hear the motion because it was barred by 28 U.S.C. § 2255(h) as 'second or successive' and denied the [federal habeas] motion

4

on its merits." 577 F.3d at 1055. On appeal from the district court's decision, the petitioner argued that the United States Supreme Court's decision in Panetti v. Quarterman, 551 U.S. 930 (2007), which held that claims alleging a petitioner's incompetence to be executed are exempt from AEDPA's second or successive requirements, established that Brady claims are also exempt from the second or successive restrictions. The government argued that, to the contrary, all second-in-time Brady claims are subject to the second or successive restrictions. The Ninth Circuit declined to decide "whether all second-in-time Brady claims must satisfy AEDPA's gatekeeping requirements," but did hold that second-in-time Brady claims that do not establish the materiality of the suppressed evidence are subject to dismissal. 577 F.3d at 1064-68. But see Tompkins v. Sec., Dep't of Corrections, 557 F.3d 1257, 1259-60 (11th Cir.) (holding all second-in-time Brady claims are subject to AEDPA's gatekeeping provisions), cert. denied ___U.S.___, 129 S. Ct. 1305 (2009); Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000) (same). The court in Lopez concluded that petitioner had failed to demonstrate the materiality of the evidence the government allegedly failed to disclose, determined that the district court did not have jurisdiction to reach the merits of the petitioner's Brady claim, and denied certification as a successive petition. 577 F.3d at 1068.

The court in Lopez confirmed that if a petitioner does not first obtain authorization from the circuit court, the district court lacks jurisdiction to consider a second or successive application. 577 F.3d at 1056, 1061. The court also concluded that Brady claims are not categorically exempt from AEDPA's gatekeeping provisions. Id. at 1064-68. In light of the decision in Lopez, the undersigned concludes that the decision whether to allow petitioner to proceed with his petition in this court alleging a new Brady claim must be made, in the first instance by the Ninth Circuit Court of Appeals.

As described above, petitioner has previously filed an application for a writ of habeas corpus attacking the same judgment of conviction and sentence that he seeks to challenge in his proposed second habeas petition. That first application for federal habeas relief was denied

on the merits. Therefore, it appears that before petitioner can proceed with his "second petition," he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). See <u>Beaty v. Schriro</u>, 554 F.3d 780, 783 n.1 (9th Cir.2009) (holding that a petitioner may not amend his petition to add new claims after the district court has ruled and proceedings have begun in the court of appeal, but must meet the standards set forth in 28 U.S.C. § 2244(b)); <u>Ochoa v. Sirmons</u>, 485 F.3d 538, 540 (10th Cir. 2007) (same). <u>Cf.</u> <u>Whab v. United States</u>, 408 F.3d 116, 118 (2d Cir. 2005) (a petition filed while "appellate proceedings following the district court's dismissal of the initial petition remain pending" can be treated as a motion to amend).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's March 31, 2010 motion to entertain second petition (Dkt. No. 79) be denied; and

2. Petitioner's Second Petition for Writ of Habeas Corpus (Dkt. No. 80) be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
lopez543.success

6